IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Ann Boyce,**

        **Plaintiff,**

**v.**                                                **Case No. 16-2221-JWL**

**Wal-Mart Stores, Inc.**
**and Brenda Gainer,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Ann Boyce filed a state court negligence action against defendants alleging that she sustained injuries resulting from a fall that occurred inside the Wal-Mart store in Paola, Kansas. Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 despite the fact that Ms. Boyce and Ms. Gainer are both residents of Kansas. Defendants assert that Ms. Gainer, the store manager, was fraudulently joined to defeat diversity. Plaintiff has filed a motion to remand in which she contends that the court lacks subject matter jurisdiction because of the non-diverse defendant.

A defendant who is fraudulently joined is ignored for purposes of assessing complete diversity. *Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013). To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* at 988 (quotation and citation omitted). The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. *Id.* (quotation and citation omitted). In their submissions,

defendants do not allege fraud in the recitation of jurisdictional facts. Accordingly, defendants must prove their allegation of fraudulent joinder by demonstrating that there is no possibility that plaintiff would be able to establish a cause of action against Ms. Gainer in state court. The court, then, must decide whether there is a reasonable basis to believe plaintiff might succeed in at least one claim against Ms. Gainer; the claim "need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. Oct. 11, 2006).

The parties do not dispute that, under Kansas law, an agent of a corporation is not liable for torts committed by the corporation unless the agent willfully participates in the tort. *See Kerns ex rel. Kerns v. G.A.C., Inc.*, 255 Kan. 264, 274 (1994). Stated another way, an agent of a corporation who violates a duty to a third person, while acting as an agent, is not individually liable unless the "act complained of is one of misfeasance." *Russell v. American Rock Crusher Co.*, 181 Kan. 891, 895 (1957) (agent of corporation not liable for acts of nonfeasance). Misfeasance "does not include acts of omission or the complete failure to do some act. If, however, the person begins to act, and then failing to do something which he should have done, misfeasance has occurred." *Kerns*, 255 Kan. at 275. As the Kansas Supreme Court explained in *Kerns*:

> Misfeasance is the improper doing of an act. It is the failure to do something with the degree of care and skill reasonably demanded. Nonfeasance is the total omission of any act. Misfeasance can, however, include to some extent not doing something, *i.e.*, not exercising the required degree of care. Sufficient participation in a tortious act can exist when there is an act or omission by the officer or agent of a corporation which logically leads to the inference that the officer or agent had a share in the wrongful acts of the corporation which constitute the offense.

2

*Id.*; *see Beeler & Campbell Supply Co. v. Riling*, 132 Kan. 499 (1931) (agent responsible for torts of corporation only when they result from his own misfeasance or malfeasance and not when they consist of mere acts of nonfeasance); *Restatement (Third) of Agency* § 7.01 (2006) ("An agent is not subject to liability for torts committed by the agent's principal that do not implicate the agent's own conduct; there is no principle of *respondeat inferior*.").

Plaintiff contends that Ms. Gainer willfully participated in the negligent conduct because she created the dangerous condition. But plaintiff's state court petition reflects that, to the extent Ms. Gainer "created" the condition, she did so only through her omissions—failing to ensure that the checkout aisle was reasonably safe; failing to warn about the condition; failing to barricade the condition; failing to train employees; and allowing the condition to exist. The only affirmative act identified by plaintiff on the part of Ms. Gainer is that Ms. Gainer responded to the incident and "completed paperwork in which she identified herself as store management." Plaintiff directs the court to no cases suggesting that a cause of action exists against a store manager under analogous facts. She has not alleged any acts or omissions on the part of Ms. Gainer independent from the allegedly negligent acts and omissions of corporate defendant. And she has not identified any duty owed by Ms. Gainer to store customers separate and distinct from the duty owed by Wal-Mart. It appears, then, that plaintiff has sued Ms. Gainer based solely on her status as the store manager and not based on Ms. Gainer's direct participation in

any tortious conduct. *See Restatement (Third) of Agency* § 7.01 (2006) (agent's status within organization has no bearing on liability; agent must direct or participate in tortious conduct).[1]

Because there is no reasonable possibility of recovery against Ms. Gainer under Kansas law, she must be dismissed from this case and plaintiff's motion for remand is denied. *See Hensley v. Orscheln Farm & Home, LLC*, 2012 WL 628201, *3-4 (D. Kan. 2012) (store managers were fraudulently joined in negligence action stemming from defective scaffolding where plaintiff did not allege the existence of a duty or violation by the managers independent from the allegations against the retailer and manufacturer).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 4) is denied and Ms. Gainer is dismissed as a party in this case.

Dated this 20th day of May, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] While plaintiff emphasizes that Ms. Gainer was actually present in the store at the time of plaintiff's accident, plaintiff fails to articulate how Ms. Gainer's mere presence in the store at the time of the accident modifies the liability analysis.